IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HSA COMMERCIAL, INC. d/b/a<br>HSA COMMERCIAL REAL ESTATE,<br>an Illinois corporation | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 08-CV-1805 |
| STEVEN STEWART AND NEW VISION<br>DEVELOPMENT, CO., LLC a Wisconsin limited<br>liability corporation, | )<br>)<br>)<br>) | The Hon. George W.<br>Lindberg |
| Defendant. | )<br>) | |

**PLAINTIFF'S AGREED AND AMENDED MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTION TO DISMISS BY MAY 30, 2008**

Plaintiff HSA Commercial Inc., doing business under its registered trade name HSA Commercial Real Estate ("HSA"), by its attorneys, Barnes & Thornburg LLP, moves this Court for an extension of time until and including May 30, 2008, within which to respond to Defendants, Steven Stewart's ("Stewart") and New Vision Development, Co.'s, ("New Vision") (collectively "Defendants"), Motion to Dismiss the Complaint for Improper Venue and the alternate Motion to Transfer to the Eastern District of Wisconsin. In support of its Motion, HSA states as follows:

1. On March 28, 2008, HSA filed a Complaint for Injunction, Fraud, Breach of Fiduciary Duty and Unjust Enrichment against Defendants arising out of Defendants' actions to defraud HSA out of the benefits of its efforts to acquire, design, develop, finance, and market a potential mixed use development site located in downtown Milwaukee, Wisconsin.

2. On April 28, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint for improper venue and alternatively a Motion to Transfer the action to the Eastern District of

Wisconsin (collectively the "Motion to Dismiss") alleging that Defendants did not commit a substantial part of the events or omission giving rise to Plaintiff's claims in the Northern District of Illinois and that purportedly the convenience of the parties and the interests of justice would be served by transferring the matter to the Eastern District of Wisconsin.

3. On May 8, 2008, this Court entered a briefing schedule requiring HSA to file its response to the Motion to Dismiss by May 22, 2008.

4. In support of their Motion to Dismiss, Defendants filed a fifteen page brief, a six page affidavit of Stewart and numerous documents on project plans and proposals outlining the alleged factual details of HSA's and Defendants' involvement with respect to the acquisition, financing, and development of the site. Defendants set forth particular allegations regarding numerous meetings and contacts with various parties and entities in Illinois and Wisconsin and details regarding what transpired at those meetings in an effort to convince this Court that no substantial events or omissions giving rise to HSA's Complaint occurred in the Northern District of Illinois.

5. To defend the propriety of venue in the Northern District of Illinois and provide this Court with a description of all of Defendants' contacts with the Northern District of Illinois, HSA needs to consult with its officers and employees. These individuals, however, are traveling and temporarily unavailable. Therefore, presently, HSA is unable to obtain sworn testimony to support the propriety of venue in the Northern District of Illinois and to refute Defendants' claims that the matter should be transferred to the Eastern District of Wisconsin.

6. On May 15, 2008, HSA filed an agreed motion for extension of time requesting an additional 28 days to file its response. That motion was denied on May 16, 2008.

7.  Because HSA does not have access to information necessary to respond to the Motion to Dismiss, HSA files the instant agreed motion requesting an additional eight days to investigate the factual matters alleged in Defendants' Motion to Dismiss, to prepare the necessary affidavits and to file its response.

8.  Defendants do not object and have agreed to this motion on the condition that they can have an additional eight days to file their reply.

WHEREFORE, Plaintiff, HSA Commercial Inc., requests this Court to extend the time for it to file its response to the Defendants' Motion to Dismiss and alternate Motion to Transfer until and including May 30, 2008.

HSA COMMERCIAL, INC.

By:   /s/ William M. McErlean
      One of Its Attorneys

William M. McErlean
Katarzyna K. Dygas
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313

CHDS01 KDYGAS 464875v1