IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HSA COMMERCIAL, INC. d/b/a<br>HSA COMMERCIAL REAL ESTATE,<br>an Illinois corporation,<br><br>                 Plaintiff,<br><br>   vs.<br><br>STEVEN STEWART AND NEW VISION<br>DEVELOPMENT, CO., LLC a Wisconsin limited<br>liability corporation,<br><br>                 Defendant. | Case No. 08-CV-1805<br><br>The Hon. George W.<br>Lindberg |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATE MOTION TO TRANSFER VENUE**

Plaintiff HSA Commercial, Inc., doing business under its registered trade name HSA Commercial Real Estate ("HSA"), by its attorneys, Barnes & Thornburg LLP, hereby responds to Defendants, Steven Stewart's and New Vision Development, Co., LLC's, Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and alternate Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and states as follows:

**INTRODUCTION**

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) alleging that venue is not proper in the Northern District of Illinois and an alternate motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Wisconsin. Rather than oppose the motion for transfer, HSA contacted Defendants' counsel to consent to the transfer to the Eastern District of Wisconsin. The parties agreed to stipulate to the transfer and Defendants' counsel indicated that he would draft the stipulation and forward it to counsel to HSA for review. As of the filing of this response, HSA's counsel has not received the stipulation

and was unable to reach Defendants' counsel until the afternoon of May 30, 2008, at which point HSA's counsel received confirmation that a stipulation will be forthcoming. HSA did not want the briefing deadline set by this Court to pass without filing the stipulation or a response. Therefore, in lieu of the stipulation, HSA files this response, by which it opposes the dismissal of this action but consents to the transfer of the matter to the Eastern District of Wisconsin, Milwaukee Division. Once the stipulation is received it will be promptly filed.

## ARGUMENT

**I.     Venue is proper in the Northern District of Illinois.**

Defendants' argument for dismissal of this action for improper venue pursuant to § 1391(a)(2) is without merit. Section 1391(a)(2) provides that venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated." 28 U.S.C. § 1391(a)(2). Contrary to Defendants' assertions, a substantial part of the events or omissions giving rise to Plaintiff's causes of action for Injunction, Fraud, Breach of Fiduciary Duty, and Unjust Enrichment occurred in the Northern District of Illinois.

As set forth in the Complaint and conceded by Defendants in their motion to dismiss, on or about July 27, 2007, Defendants traveled to Chicago, Illinois and perpetrated a fraud upon HSA by soliciting and inducing HSA's involvement and equity investment in the acquisition and development of a potential mixed use site in Milwaukee. *See Pfeiffer v. Insty Printsi, et al.*, 1993 WL 443403 (N.D. Ill.) (citing *Merchants National Bank v. Safrabank, et al.,* 776 F. Supp. 538 (D. Kan. 1991) for the proposition that venue is proper in a forum if the plaintiff was solicited by defendant in that forum). Throughout July and August Defendants provided materials regarding the site to HSA in Chicago. Defendant Stewart again traveled to HSA's office in Chicago,

Illinois on October 4, 2007, at which time Defendants agreed and made HSA believe that HSA and Defendants would be members of a development team with HSA assuming the lead role in developing, financing, and acquiring the site. Defendants also directed to HSA in Chicago various demands for extortionate compensation, which constitute breaches of fiduciary duty to HSA. Defendants thus implemented the scheme to defraud, created and violated their fiduciary duties to HSA in Illinois. Accordingly, a substantial part of the events underlying the causes of action in this lawsuit occurred in the Northern District of Illinois making venue proper here.

**II.     HSA consents to the transfer of this matter to the Eastern District of Wisconsin.**

Despite the fact that venue is proper in the Northern District of Illinois, HSA rather than needlessly expend resources and this Court's time in opposing Defendants' motion to transfer venue, consents to the transfer of this action to the Eastern District of Wisconsin, Milwaukee Division. Because many of the witnesses and the relevant documents and other sources of proofs are in Wisconsin, for the convenience of the parties and the witnesses, HSA agrees to the transfer of this matter to the Eastern District of Wisconsin, where venue is proper pursuant to § 1391(a)(1).

## **CONCLUSION**

Plaintiff, HSA Commercial, Inc., requests that this Court deny Defendants' Motion to Dismiss, grant Defendants' Motion to Transfer, and transfer this cause to the Eastern District of Wisconsin, Milwaukee Division.

                Respectfully submitted,

                **HSA COMMERCIAL, INC.**

                By:   /s/ William M. McErlean
                          One of Its Attorney

William M. McErlean
Katarzyna K. Dygas
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313

CHDS01 KDYGAS 467612v1